### John S. Branner v. Josie Webb.
#### No. 843.*   (63 Pac. 274.)

1. **Practice,** *District Court—Ejectment—Cotenancy—Receivership.*   In an action by a tenant in common to recover from a cotenant an undivided interest in land, the court has no power to appoint a receiver for other lands of the defendant not involved in the suit.

2. —————— *Judgment for Rents and Profits—Receivership after Judgment.*   Such other lands do not become involved in the suit so as to empower the court to appoint a receiver therefor after judgment by reason of an execution being issued on the judgment for rents and being levied on the other lands and such other lands being sold thereunder to the plaintiff.

3. —————— *Levy of Execution—Discharge of Receiver.*   After the plaintiff has recovered judgment in such action for her interest in the land and for her share of the rents, and after her interest in the land has been discharged from the custody of the receiver and she put in possession thereof, and after levy of execution upon other property of the defendant sufficient to satisfy the judgment, it is error for the court to refuse to discharge the defendant's share of the property, upon his motion.

Error from Jackson district court; Marshall Gephart, judge.   Opinion filed January 1, 1901. Reversed.

*W. R. Hazen,* and *Isenhart & Alexander,* for plaintiff in error.

*Keeler & Hite,* for defendant in error.

---

*Petition for order to certify allowed by supreme court April 2, 1901.   Case pending.—Rep.

The opinion of the court was delivered by

MAHAN, P. J. : The plaintiff in error seeks by this proceeding to reverse an order of the district court of Jackson county denying his motion to discharge certain real estate from the custody of a receiver in the case.

He first assigns for error that the district court refused to hear testimony upon the motion, and refused to consider any question except the jurisdiction of the court to make the appointment in the first instance ; second, that the court erred in denying his motion to release that part of the real estate which was not the subject-matter of the suit ; and third, in denying the motion to set aside the original order appointing a receiver, for want of jurisdiction. There are two other formal assignments, but they cover the same ground.

The main action, to which this proceeding is auxiliary, was in the nature of ejectment by Josie Webb, as a tenant in common with John S. Branner, to recover an undivided one-fourth interest in certain real estate in the city of Topeka, the possession of which was in Branner, he denying the cotenancy, and his conduct amounting to an exclusion of the plaintiff as cotenant. The appointment of a receiver was made in the first instance without notice to the defendant Branner, but by his conduct since he has acquiesced in the *ex parte* appointment so far as to preclude him from questioning the appointment for that reason. The order appointing the receiver, however, directed him to take possession of considerable other property, as well as the entire property in controversy, upon which the plaintiff had levied an execution, and which had been sold to pay the judgment for rents rendered in favor

of the plaintiff and against the defendant in this cause.
So the appointment of the receiver was made after
judgment, pending an appeal. In this judgment the
plaintiff, Josie Webb, had prevailed, recovering her
one-fourth interest and $4500 for rents. The sale had
not been confirmed at the time the receiver was ap-
pointed and was subsequently set aside.

The primary question in the case under this pro-
ceeding in error is, Had the district judge jurisdiction
under the statute to appoint the receiver for property
other than that in controversy in the case, merely be-
cause an execution had been issued and levied thereon
and the land sold thereunder? It was not in any
sense a supplementary proceeding in aid of execution,
under the statute. The power to appoint a receiver
in actions under the code is clearly defined and re-
stricted by the provisions of the code, and under none
of them had the district court jurisdiction to appoint
a receiver, under the circumstances and conditions of
this case. The power to do so is not conferred by
law. The supposed exigency making it necessary to
appoint a receiver was that some time would elapse
before a confirmation of the sale could be had ; that
rents had accrued before the sale and were accruing
after the sale, and the tenants did not know to whom
to pay them. After the sale was set aside no such exi-
gency existed. Josie Webb could make no claim to
other property of the defendant, except as purchaser
under her own writ. So, whether the rent was paid
to Branner or another person, or at all, did not con-
cern her. At the time this motion was made and
heard the sale had been set aside, and even though
the power existed in the district court to appoint a re-
ceiver, the reason therefor had ceased to exist, and the
court ought to have sustained the motion upon that

ground, if not for a want of authority to make it in the first instance.

Under the circumstances, the court had undoubted authority to appoint a receiver to collect the rents and profits of the entire property in controversy — not only the interest of the plaintiff, from which she was excluded, but the interest of the defendant as well. But at the time this motion was made to discharge the property from the custody of the receiver, the plaintiff, Josie Webb, had been put in possession of her interest in the property, whereby she was enabled to collect the rents and profits therefor herself without the aid of a receiver. The judgment had been carried into effect, except that part of it which adjudged the defendant to pay money for rents collected theretofore — a mere personal judgment against Branner; so there existed at the time the motion was made and heard no reason for continuing the property in controversy — that is, the interest of the defendant Branner — in the custody of a receiver. The interest of the plaintiff had been theretofore, upon her application, discharged from the custody of the receiver.

There are several objections made by the defendant in error to a review of the case by this court. The first is, that the record discloses that more than $2000 is in controversy, which would be affected by the order discharging the property from the custody of the receiver. We are of the opinion that the record does not sustain this contention. The second objection is that this proceeding in error was not begun within the time allowed by law. The basis of this contention is that there had been a prior motion made to set aside the order appointing the receiver and to discharge the property, upon the ground that the court had no jurisdiction to make the appointment. To this

Branner v. Webb.

we answer, first, that if the order, so far as it affected the property not in controversy in the case, was without the jurisdiction of the district court, it was a void order, and a motion could be made to vacate it at any time, under the provisions of the code, and the making of a prior motion and the denial by the court did not infuse into the order a vitality that it had not before. A second answer is that the conditions with respect to the property had changed. The grounds for retaining the property in the custody of the receiver, if any there were, no longer existed. If the rule prevailed that because at one time a motion to discharge property from the custody of a receiver was denied such order was conclusive, *res judicata*, and barred any other motion looking to the same result though based on different conditions, property might never be discharged from the custody of a receiver when once put in his hands. The motion to discharge the property from the custody of the receiver ought to have been sustained. The motion to set aside the order making an appointment in the first instance, so far as it affected the property not in controversy in the cause, ought to have been sustained. The order denying these motions is reversed, and the case remanded with directions to the court to sustain the motion to vacate the order appointing the receiver in the first instance so far as it affected the property of the defendant Branner not in the controversy in the cause, and to sustain the motion to discharge the defendant Branner's interest in the property in controversy.